# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 13 |
| | : | |
| PAUL B. HINES and | : | |
| NANCY J. HINES | : | Bankruptcy No. 07-15157DWS |
| | : | |
| Debtors. | : | |

# ORDER

**AND NOW**, this 21st day of September 2007, Debtors having filed a voluntary petition in bankruptcy under chapter 13 on September 10, 2007;

**And** Debtors having failed to file a certificate evidencing <u>prepetition</u> credit counseling, which is an eligibility requirement for bankruptcy relief pursuant to 11 U.S.C. § 109(h)(1) ("an individual may not be a debtor . . . unless such individual has, during the 180-day period preceding the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency . . . an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis."). Thus, the credit counseling requirement should be met <u>before</u> the individual files a voluntary bankruptcy petition;

**And** 11 U.S.C. § 109(h)(3)(A) permitting a debtor to obtain credit counseling after his/her bankruptcy case commenced, but only in very limited circumstances, <u>i.e.</u>, a debtor must certify: (1) that he/she sought credit counseling prior to the filing of the petition;

(2) such counseling was not available within five days beginning from the date the debtor

made the request; and (3) the debtor needed to file his/her petition for valid, emergency

reasons and thus could not wait for such counseling to take place;

**And** Debtors having failed to file a certification asserting exigent circumstances, but

instead filed a Motion to Extend Time to File Certificate of Counseling (the "Motion") that

indicates Debtors have been unable to schedule credit counseling due to their employment

commitments, which is not a basis for waiver under § 109(h)(3)(A);[1]

It is hereby **ORDERED** that Debtors' case shall be and hereby is **DISMISSED**

for failure to comply with § 109(h).  **FURTHER ORDERED** that the Motion is **DENIED**

as moot.

_____

DIANE WEISS SIGMUND
Chief U.S. Bankruptcy Judge

---

[1] Debtors also failed to file with the Petition Exhibit D - Statement of Compliance with
Credit Counseling Requirement, under which a debtor must assert one of several options,
including:  (1) prepetition counseling was obtained and the certificate is attached; (2) prepetition
counseling was obtained but debtor has not yet received the certificate, in which case debtor is
allowed 15-days from the petition date to file the certificate; or (3) exigent circumstances existed
pursuant to 11 U.S.C. § 109(h)(3)(A).